

**Scott B. McBride**
Partner

One Lowenstein Drive
Roseland, New Jersey 07068

**T**:  973.597.6136
**F**:  973.597.2400
**E**:  smcbride@lowenstein.com

February 19, 2021

**VIA EMAIL & REGULAR MAIL**

Hon. Madeline Cox Arleo
United States District Judge
U.S. District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

**Re:**   *United States v. Creaghan Harry,* Crim. No. 19-246 (MCA)

Dear Judge Arleo:

At Your Honor's direction, the defense writes in surreply to the government's reply brief and motion to compel the law firm of Brown & Fortunato, PC, one of the former law firms representing Telehealth Doctors Network, LLC, d/b/a "Video Doctor USA" or "VDUSA" ("VDUSA"), to comply with a grand jury subpoena to produce documents pursuant to the crime-fraud exception to the attorney-client privilege.  The privilege survives dissolution of VDUSA, and the defendant Creaghan Harry has standing and authority to assert that privilege.  Mr. Harry respectfully submits that the Court should reject the government's motion.

## ARGUMENT

### I. A Fully Dissolved LLC May Assert the Attorney-Client Privilege and Work Product Privileges

Contrary to the government's contention, that VDUSA has been dissolved has no bearing on its retention of the attorney-client privilege in this matter.  A fully dissolved corporation is entitled to assert the attorney-client privilege under both Third Circuit precedent and New Jersey law, particularly under the facts here.

Federal common law governs claims of privilege before this Court.  Fed. R. Evid. 501. While there is little federal case law addressing the discrete issue here, the Third Circuit has held that an "administratively 'dissolved' corporation" had standing to challenge a grand jury subpoena where the corporation claimed "attorney-client and work product privileges in the documents and testimony at issue."  *In re: Grand Jury*, 705 F.3d 133, 139, 142 (3d Cir. 2012). This holding is incompatible with the government's position.

Hon. Madeline Cox Arleo  February 19, 2021
Page 2

Additionally, in construing the federal common law of privilege, federal courts must carefully examine the state law privilege. *Lawrence v. Van Aken*, 316 F. Supp. 2d 547, 550 (W.D. Mich. 2004). The courts are not required to apply state law, but they must consider whether the federal privilege should be extended accordingly. *Id.*; *see also United States v. Gillock*, 445 U.S. 360, 368 (1980) ("the privilege law as developed in the states is not irrelevant").

And that examination of state law reinforces the notion that a dissolved corporation may assert attorney-client privilege. New Jersey has a statute governing the issue. *See* N.J. Stat. § 2A:84A-20. In relevant part, the statute states: "Where a corporation or association is the client having the privilege and it has been dissolved, the privilege may be claimed by its successors, assigns, or trustees in dissolution." § 2A:84A-20(1). At least one federal court in this District has recognized that its litigants are covered by rules of privilege created by the New Jersey statute. *United States vs. Becton Dickinson*, 212 F. Supp. 92, 95 (D.N.J. 1962) (identifying the extension of the privilege to corporations, and stating that "[i]t would be very strange indeed were this Federal Court to deprive a litigant before it of the protection afforded by the State statute"); *see also Fahs Rolston Paving Corp. v. Pennington Props. Dev. Corp.*, 2006 U.S. Dist. Unpub. LEXIS 93588, at *8-9 (D.N.J. Dec. 27, 2006) (citing § 2A:84A-20). And New Jersey's state courts have applied the statute liberally. *See Travelers of N.J. v. Weisman*, 2011 N.J. Super. Unpub. LEXIS 361, at *21-22 (App. Div. Feb. 16, 2011) (finding there is no time limit on the attorney-client privilege and citing § 2A:84A-20).

Delaware, the state in which VDUSA was organized, has a law very similar to New Jersey's, *see* D.R.E. 502 (providing that privilege may be claimed by "the personal representative of a deceased client or the successor, trustee or similar representative of a corporation"), as does Florida, the state in which VDUSA had its principal place of business, *see* Fla. Stat. § 90.502 (providing that privilege may be claimed by successors or the like of a corporation "whether or not in existence"). The state law in the most significant states at issue in this case thus all support survival of the privilege.

The government's reliance on *City of Rialto v. U.S. Dept. of Defense*, 492 F. Supp. 2d 1193 (C.D. Cal. 2007), for the proposition that "maintaining the privilege after a natural person's death does not apply in the corporate context" (Gov't's Reply Br. At 5, ECF No. 157.), is misplaced. *City of Rialto* addressed and applied the law of one state, California, which has little or no connection to this case. But *City of Rialto* is arguably no longer good law even in California. In *Favila v. Katten Muchin Rosenman LLP*, 188 Cal. App. 4th 189, 219-220 (2010), California's Court of Appeals held that a dissolved California corporation has authority to assert attorney-client privilege in litigation, reasoning that "if the lawyer-client privilege is simply extinguished upon dissolution, then the corporation's ability to effectively prosecute or defend actions is eviscerated." 188 Cal. App. 4th at 220. This reasoning is more persuasive than that in *City of Rialto*, as dissolved corporations continue to exist in various respects, including for matters of ongoing litigation. *See Reilly v. Greenwald & Hoffman, LLP*, 196 Cal. App. 4th 891, 901-02 (2011) (reasoning that "it is only logical that if a dissolved corporation continues to exist for litigation, it remains the holder of the attorney-client privilege during the litigation"). The *Favila* court noted that the attorney-client privilege should continue to exist, "at least until all



matters involving the company have been fully resolved and no further proceedings are contemplated." *Id.*

The government also contends that, "unlike the family member or executor of a deceased person, after a corporation has gone out of existence, there is no one to speak on its behalf." (Gov't's Reply Br. at 6, ECF No. 157.) But *Favila* specifically held that because the corporation continues to exist for various purposes, "not unlike the personal representative of an individual client who has died," persons authorized to assert privilege on behalf of the corporation are still entitled to do so. 188 Cal. App 4th, at 219-20; *see also Official Comm. of Admin. Claimants v. Bricker*, 2011 U.S. Dist. Unpub. LEXIS 49504, at *7-10 (N.D. Ohio May 9, 2011) (upholding the attorney-client privilege post-dissolution based on a similar statute to New Jersey's § 2A:84A-20); *Randy Intern. Ltd. v. Auto. Compactor Corp.*, 97 Misc. 2d 977, 980 (finding that a defunct corporation may still assert the attorney-client privilege).

Accordingly, despite VDUSA's dissolution, company matters still persist—most notably, the present litigation—and therefore, the attorney-client privilege survives. Contrary to the government's contention, VDUSA has a privilege for Harry to assert.

## II. Creaghan Harry Has Standing to Assert the Attorney-Client Privilege or Work Product Privileges for VDUSA

The government's assertion that Mr. Harry lacks standing to assert VDUSA's attorney-client privilege is wrong. As discussed, after a corporation has dissolved, authority remains to act for the corporation until all affairs and transactions have been completed. *Favila*, 188 Cal. App 4th, at 219-20. This authority resides with former directors, officers, or "ongoing management personnel," *id.*, as well as with whomever has control of the corporation, *In re: Crescent Beach Inn*, 37 B.R. 894, 896 (Bankr. D. Me. 1984). While this control is frequently demonstrated by an individual's title, title is not a requirement. *See In re: Crescent Beach Inn*, 37 B.R. 894, 896 (Bankr. D. Me. 1984) (evaluating who can assert the privilege by who has control "in light of the surrounding circumstances").

Mr. Harry possesses the requisite legal control to assert the privilege. As the government alleges, he "owned, controlled and/or operated" VDUSA. (*See* Indictment ¶ 1(g), ECF No. 1.) The government's assertion that Mr. Harry "did not take any formal role in VDUSA" is both irrelevant and directly contradicted by its own allegations. The Court should not countenance the government's arguing on the one hand that Mr. Harry was the mastermind of the alleged scheme, but on the other hand that he lacked sufficient control to assert attorney-client privilege on behalf of the very entity that was allegedly used to carry out that scheme. *Cf. Rojas v. AG of the United States*, 728 F.3d 203, 213 (3d Cir. 2013) (rejecting the government's attempt to shift readings of a statute where convenient for their case – "what is good for the goose, is good for the gander").



Hon. Madeline Cox Arleo  February 19, 2021
Page 4

      For these reasons, Mr. Harry is plainly able to assert the attorney-client privilege on behalf of VDUSA.  The Court should deny the government's motion.


Respectfully submitted,


/s/ Scott B. McBride
Scott B. McBride


Cc: Trial Attorneys Jacob Foster and Darren C. Halverson

