# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA** | No. 19-cr-246 (MCA) |
| v. | **ORDER RELEASING DOCUMENTS AS SUBJECT TO THE CRIME-FRAUD EXCEPTION** |
| **CREAGHAN HARRY, *et al.*,** | |

WHEREAS, on April 5, 2019, a grand jury returned a 6-count indictment against Defendants Creaghan Harry ("Harry"), Lester Stockett ("Stockett"), and Elliot Loewenstern ("Loewenstern" and together with Harry and Stockett, "Defendants"), charging them with (i) one count of conspiracy to defraud the United States and receive health care kickbacks; (ii) four counts of soliciting and receiving health care kickbacks, in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b)(1)(B) ("AKS"); and (iii) one count of conspiracy to commit money laundering. *See* Indictment, ECF No. 1. Stockett and Loewenstern have each pled guilty to the charges against them. *See* ECF Nos. 53, 56.

AND WHEREAS on October 21, 2019, the grand jury issued a subpoena directing Brown and Fortunato, P.C. ("B&F"), a law firm retained by an entity controlled by Harry and Stockett, to produce all documents related to a May 18, 2016 Legal Opinion issued by B&F. Gov't Ex. N. B&F objected to the subpoena and produced a privilege log identifying 245 withheld documents and asserting the attorney client and/or work product privileges.

AND WHEREAS, on August 31, 2020, the Government filed a Motion to Compel Production of Purportedly Privileged Materials by Brown & Fortunato P.C. Pursuant to the Crime-Fraud Exception and Waiver. In that motion, the Government sought release of all materials "relating to a May 18, 2016 opinion letter the firm prepared on behalf of Telehealth Doctors Network, LLC (dba 'Video Doctor USA' or 'VDUSA'), an entity owned, controlled, and operated by the defendant (Creaghan Harry) and co-defendant Lester Stockett." The Government further requested that "the Court make a finding that the crime-fraud exception applies to all communications between VDUSA and Brown & Fortunato, and related communications."

AND WHEREAS, in its April 8, 2021 Letter Order, the Court found that the test for the Crime Fraud exception to privilege had been met by the Government, but that the only determination left was to verify whether "the entire attorney-client relationship was intended to further a criminal goal." The Court raised the question of whether the entire attorney-client relationship related to issues surrounding the legal opinion letter and telehealth business

model or whether the law firm was retained for any purpose unrelated to this case. In subsequent hearings (in June, September and November, 2021), attorneys for Brown & Fortunato stated that the law firm did no other work for the Defendant Harry's companies outside the scope of the opinion letter. The Government then moved for release of the withheld documents as they fell within the scope of the Court's prior ruling that the Crime Fraud exception to privilege applied to communications between Defendant Harry and others at VDUSA and Brown & Fortunato about the Opinion Letter and telehealth business model.

AND WHEREAS, during the November 23, 2021 hearing, the Court directed counsel for Defendant Harry to specify any documents they believed fell outside the scope of work done in furtherance of the opinion letter. Prior to the hearing, the Government offered 4,025 documents for consideration, and after review, the Filter Team requested only 1,666 documents be released pursuant to the Letter Order. At the hearing, Defendant Harry limited his privilege assertion to solely the documents on the 245 document Brown & Fortunato privilege log. Counsel for Defendant Harry briefly conferred with the Government's Filter Team and agreed that nine documents dated after December 1, 2018, appeared to be outside the pertinent time frame. Counsel for the defendant subsequently offered three documents for *in camera* review that he claimed to be outside the scope of the Opinion Letter representation, which the Court reviewed and concluded were subject to the crime fraud

exception. Defendant Harry presented no other documents for *in camera* review. Based upon this record, the Court found that all the remaining materials fell within the crime fraud exception and were authorized for release.

IT IS THE FINDING OF THIS COURT that the documents included on the attached logs (Attachment A – Brown & Fortunato Log, minus the nine documents Bates numbered B&F 0000001 - B&F 0000072 which were identified as outside of the date scope; Attachment B – Filter Team's Log), fall under the Crime-Fraud exception to privilege and shall be released to the Government prosecution team.

IT IS, therefore, on this \_\_\_9\_\_\_ day of December, 2021,

ORDERED that the above-identified documents be released to the Government Prosecution Team.

Honorable Madeline Cox Arleo
United States District Judge

Consented to as to form and entry:

/s/ *Bennett P. Starnes*
BENNETT P. STARNES
Trial Attorney

/s/ *Scott B. McBride on behalf of I. Wright*
ISAAC WRIGHT
Counsel for defendant Creaghan Harry